IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:10-926-CMC |
| v. | **OPINION and ORDER** |
| Brandon O'Neil Broach, Sr., | |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant contends that he received ineffective assistance of counsel prior to the entry of his guilty plea, at sentencing, and in counsel's alleged failure to file a notice of appeal. The Government filed a response and motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant responded in opposition to the Government's motion on April 23, 2012. For the reasons set forth below, the court appoints J. Christopher Mills, Esquire, to represent Defendant in this matter for the purposes of an evidentiary hearing on the issue of whether Defendant instructed counsel to file a Notice of Appeal.

**I. BACKGROUND**

On September 22, 2010, Defendant was charged in a one count indictment with being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). On December 9, 2010, Defendant appeared before this court with counsel and pleaded guilty to the indictment without the benefit of a plea agreement.

A Presentence Report (PSR) was thereafter prepared by the United States Probation Office. On March 3, 2011, Defendant appeared with counsel for sentencing. Defendant, through counsel, filed three objections to the PSR. After hearing argument, the court overruled Defendants'

1

objections to the PSR, granted Defendant's motion for a downward departure based upon overrepresentation of criminal history, and sentenced Defendant to seventy-eight (78) months' incarceration, to be followed by three (3) years of supervised release. Defendant did not file a notice of appeal.

## II. STANDARD – INEFFECTIVE ASSISTANCE OF COUNSEL

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

The same two-part test applies in the context of cases in which a defendant entered a guilty plea. But because "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks," strict adherence to the deferential *Strickland* standard is "all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S.___, 31 S.Ct. 733, 741 (2011). To establish prejudice in the context of a guilty plea Defendant must show that "there is a reasonable probability that, but for counsel's error, [Defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "The added uncertainty that results when there is no extended formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance." *Premo*,

562 U.S. \_\_\_, 131 S. Ct. at 745.

### III. DISCUSSION

#### A. PRE-PLEA

Defendant contends that he was "coerced into a legally faulty guilty plea." Mot. at 4 (ECF No. 52). Defendant maintains that counsel told him that a guilty plea was the only option that he (Defendant) had; that proceeding to trial would be "too time consuming for appointed counsel," *id.*; that counsel failed to advise Defendant of the "consequence of an 'open' plea wherein the government could modify the sentence as [it] pleased," *id.* at 5; and that counsel failed to challenge the "illegal" arrest of Defendant which led to his indictment. Counsel attests in her affidavit that prior to Defendant's entry of his guilty plea, he was shown all the discovery in his case; that "[a]fter we thoroughly discussed all of the evidence and his options, [Defendant] decided that he wished to plead guilty," Aff. of Katherine E. Evatt at ¶3 (ECF No. 63-2); that Defendant determined he did not want to enter into a plea agreement with the Government because he did not wish to reveal from whom he had obtained the gun; and because he wished not to cooperate, Defendant opted to plead guilty to the charge without a plea agreement.

The sworn statements Defendant made during his plea colloquy bar his subsequent contentions and averments to the contrary. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, (1977). "[R]epresentations of the defendant . . . at [plea] hearing[s] . . . constitute a formidable barrier in any subsequent collateral proceedings," *id.* at 73-74, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). *See also Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) ( "[T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty

3

plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." ), *partially overruled on other grounds by United States v. Whitley*, 759 F.2d 327 (4th Cir.1985) (en banc). "To allow indiscriminate hearings in federal post-conviction proceedings . . . would eliminate the chief virtues of the plea system-speed, economy, and finality." *Blackledge*, 431 U.S. at 71. Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the defendant's sworn statements made during a properly conducted Rule 11 colloquy are "palpably incredible" and "patently frivolous or false." *Id*. at 76. *See also Crawford*, 519 F.2d at 350 (holding that "the district court was not required to conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amounted to no more than a bare contradiction of statements made by [the defendant] when he pleaded guilty").

During the Rule 11 proceeding held December 9, 2010, Defendant, under oath, specifically admitted his involvement in the crime with which he had been charged. *See* Change of Plea Tr. at 32 (ECF No. 61, filed Feb. 23, 2012). Additionally, Defendant specifically acknowledged under oath that he understood the applicable statutory penalty, that any estimate that counsel may have given him of the applicable sentencing guidelines range was only an estimate, and that until the Presentence Report (PSR) was written and the court had ruled on any objections, counsel's estimate was not a guarantee of what the applicable sentencing range might be. *Id*. at 16-18. The court thereafter accepted Defendant's plea of guilty to felon in possession of a firearm. *Id*. at 32.

Defendant produces no evidence, nor does he even allege, that his counsel would have had any reason to believe Defendant did not or could not understand the court's comprehensive Rule 11 proceeding, and fails to put forth any plausible reason why his statement of guilt at the Rule 11 hearing should not be accepted as true. In the absence of any evidence Defendant was incompetent

4

or incapable of participating in the Rule 11 proceeding, Defendant cannot claim that his counsel was ineffective for permitting him to answer the court's questions, after being advised by the court and affirming that he understood the elements of the offense charged, the potential sentence attaching to that charge, and the facts supporting the charge. Accordingly, Defendant has failed to show that counsel was ineffective in her representation of Defendant through Defendant's entry of the guilty plea, and the Government is entitled to summary judgment on this claim.[1]

**B. SENTENCING**

Defendant also argues that he received ineffective assistance of counsel at sentencing. Defendant maintains counsel was ineffective in failing to challenge the four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possession of the firearm in question in connection with another felony offense, citing *United States v. Booker*, 543 U.S. 220 (2005). Defendant argues that Evatt "guaranteed" that "both [his] criminal history and the firearm enhancement would be dismissed during my sentencing hearing and for me not to worry about it." Traverse at 3.

Evatt filed objections to the PSR, challenging the assessment of Defendant's criminal history and the above-mentioned enhancement under U.S.S.G. § 2K2.1(b)(6). While the court overruled Defendant's objections, it did grant Defendant's motion for a downward departure under U.S.S.G. § 4A1.3, based upon an overrepresentation of Defendant's criminal history.

Additionally, Defendant's claim of ineffectiveness based on *Booker* is without merit. So

---

[1] Defendant did not contest the constitutionality of the traffic stop in question before he entered his guilty plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), except in narrow circumstances, *Menna v. New York*, 423 U.S. 61, 62-63 n.2 (1975). After entering a guilty plea to the charges against him, Defendant cannot challenge the alleged constitutional instability in the events occurring before he entered his plea, as the plea acts as a "break in the chain." *Tollett*, 411 U.S. at 267.

5

long as the sentencing enhancement does not change the maximum statutory penalty to which a defendant is exposed, the enhancement is determined by the court, not a jury, under a preponderance of the evidence standard.

For these reasons, the Government is entitled to summary judgment on Defendant's claims relating to counsel's actions at plea and sentencing.

**C. APPEAL**

Defendant's response to the Government's summary judgment motion, submitted under penalty of perjury, contends that Defendant "specifically instructed Attorney Evatt to file a Notice of Appeal." Traverse at 4 (ECF No. 67).

In support of its motion for summary judgment, the Government submitted the affidavit of Katherine E. Evatt (Evatt), Defendant's attorney in this court. Evatt avers that "[i]mmediately after his sentencing, I discussed his right to appeal, and at that time, he did not advise counsel of any desire to appeal. He never contacted me or my office again until approximately six months later when he wrote and requested a copy of his file." Aff. of Katherine E. Evatt at ¶6 (ECF No. 63-2).

Even though Defendant entered a plea of guilty, a defendant who enters a guilty plea without the benefit of a plea agreement does not give up any of his appellate rights. Mindful of these circumstances and existing case law,[2] the court has determined that an evidentiary hearing is necessary to resolve this ground, and accordingly sets it for hearing as indicated below.

---

[2]*See, e.g.*, *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005) ("If the evidence establishes . . . Defendant's attorney acted contrary to his client's wishes . . . prejudice is to be presumed, and Defendant is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal . . . .").

### IV. CONCLUSION

Accordingly, the court appoints J. Christopher Mills, Esq., to represent Defendant for the purposes of an evidentiary hearing. This matter is set for evidentiary hearing on **Monday, August 6, 2012 at 2:00 p.m.** The Government shall ensure Defendant's presence at the hearing on August 6, 2012.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 15, 2012